IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

RICHARD LERNER

    Plaintiff,

vs.                                                   Civil Action no.: 2:14-cv-251

CR ENGLAND, INC.                     JURY TRIAL DEMANDED

    Defendant.

## Introduction

1.    Plaintiff RICHARD LERNER ("Plaintiff") seeks redress for disability discrimination.  This case is brought for relief pursuant to the Americans with Disabilities Act of 1990, 43 U.S.C . § 12101, *et seq*., as amended ("the ADA").

## Jurisdiction

2.    Jurisdiction of this Court is provided by 28 U.S.C. §§ 1331 and 1343, or is otherwise provided by law.

3.    On or around April 30, 2013, Plaintiff timely filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC").

4.    On or around July 21, 2014, Plaintiff received his Notice of Right to Sue from the EEOC, which is less than ninety days from the date of the filing of this Complaint, making this filing timely.

5.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conduct business, and can be found in the Northern District of Indiana, and the cause of action set forth herein has arisen and occurred in the Northern District of Indiana. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Indiana.

**The Parties**

6.     Plaintiff Richard Lerner is an American citizen and citizen of Nathalie, Virginia.

7.     Defendant CR England, Inc., ("Defendant") is an Indiana foreign corporation headquartered in Salt Lake City, Utah and doing business in the Northern District of Indiana.

8.     C.R. England is one of the nation's leading trucking companies, providing transportation services since 1920.  Defendant operates a location out of Burns Harbor, Indiana.

9.     At all relevant times, Defendant has been a "covered employer" under the ADA, continuously engaged in an industry affecting commerce, employing more than five hundred employees, and doing over five hundred thousand dollars ($500,000) in annual business.

**Facts Upon Which Plaintiff's Claims are Based**

10.    As a young man, Plaintiff lost one-half of two of the fingers of his left hand.

11.    This physical abnormality has no effect on his life or ability to engage in any life activity.

12.    In early 2012, Plaintiff successfully passed Department of Motor Vehicle and Department of Transportation tests to obtain his Commercial Driver's License (CDL).

13.    On February 23, 2012, he completed a tractor-trailer training course and began working as a driver.

14.    Approximately one year after he began driving trucks, Plaintiff was recruited by Tamara Doman, a recruiter for Defendant.  Defendant made Plaintiff an offer of employment.

15. Based on the offer of employment, Charging Party quit his job, packed his belongings, and headed out on a two-day bus drive to Burns Harbor, Indiana for his orientation. He was told to bring, among other things, enough money for three weeks, until his first paycheck.

16. Plaintiff arrived at Defendant's facility in Burns Harbor, Indiana and was given an "Indiana Inprocessing Checklist" with a number of fields that had to be initialed by various CR England agents and employees.

17. Plaintiff passed the Physical Agility Test, the Drug Screen, and the Medical Screening. However, when he got to the Physical Exam, he was told by Defendant's company doctor that he could not be hired because of the missing digits on his left hand.

18. Unable to understand why this would prevent him from working for Defendant, Charging Party asked that he be given a driving test to show that the missing digits did not affect his driving. Plaintiff also offered to show the company doctor the Medical Clearance Report that had cleared Plaintiff to drive.

19. Defendant's company doctor flatly refused to consider any further information, told Plaintiff he could not be hired, and instructed him to leave.

20. With no further dialogue, Charging Party was put back on a bus and sent back to Virginia.

21. In its response to the EEOC regarding Plaintiff's charge, Defendant falsely claimed that it withdrew the conditional offer of employment because Plaintiff had not been cleared to drive pursuant to 49 CFR 391.41.

22. In truth, Plaintiff HAD been cleared to drive under 49 CFR 391.41, as was evidenced by a Medical Clearance Report dated February 2, 2012.

23. Regardless of the reason proferred by Defendant to the EEOC, the only reason given at the time to Plaintiff was that he could not be hired with any missing fingers; period.

24. Defendant failed to engage in an individualized assessment of Plaintiff's physical abilities, instead regarding him as being disabled, and refusing withdrawing the offer of employment based upon that.

### COUNT I: ADA Disability Discrimination

25. Paragraphs 1-24 are restated herein.

26. Defendant violated the Americans with Disabilities Act of 1990, 43 U.S.C . § 12101, *et seq*., as amended, inasmuch as it discriminated against Plaintiff for a perceived disability.

27. Defendant's unlawful actions have caused Plaintiff emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

### COUNT II: Promissory Estoppel

28. Paragraphs 1-27 are restated herein.

29. By and through the actions of its employees and agents, Defendant made a promise to Plaintiff, express and/or implied, by act and/or omission, that he would be hired as a driver.

30. Defendant should reasonably have expected that promise to induce action of a substantial character on the part of the promisee, Plaintiff.

31. That promise did, indeed, induce such action, namely, Plaintiff quitting his job, packing his belongings, and traveling to work in Indiana.

32. Plaintiff's reliance upon said promise was detrimental to him in that it, *inter alia*, resulted in him giving up employment, and then later taking employment at a lower rate of pay, as well as extreme inconvenience.

33. Injustice can only be avoided by the enforcement of Defendant's promise.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. Judgment in Plaintiff's favor on his claim under the Americans with Disabilities Act of 1990, 43 U.S.C . § 12101, *et seq*., as amended, and on his Promissory Estoppel claim;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of compensatory damages due Plaintiff to be paid by Defendant;

d. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted,

_/s/Marissa McDermott_____
Marissa McDermott
Indiana Attorney 22465-64
MCDERMOTT LAW OFFICE
marissa@mcdermottlegal.net

        Attorney for Plaintiff
        9013 Indianapolis Boulevard
        Highland, Indiana 46322
        Phone:  (219) 838-9200
        Facsimile: (219) 972-7110

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all issues triable to a jury.

Respectfully submitted by:

        McDermott Law Office


        _/s/Marissa McDermott_____
        Marissa McDermott
        Indiana Attorney 22465-64
        9013 Indianapolis Boulevard
        Highland, Indiana 46322
        Tel. 219-838-9200
        Fax. 219-972-7110
        marissa@mcdermottlegal.net